DECISION
Plaintiff appeals concerning the real market value (RMV) ascribed to Account 1588423 for tax year 2006-07. The Lane County Board of Property Tax Appeals (BOPTA) reduced the total RMV to $2,550,000, based on an appraisal submitted by independent appraiser Richard J. Duncan (Duncan).
A trial was held on May 28, 2008. Plaintiff was represented by David E. Carmichael, attorney. Defendant was represented by William L. Mahn, appraiser.
At the outset of trial, Plaintiff withdrew from consideration Accounts 1588464, 1588449, and 1588456. The appeal as to those properties shall be dismissed.
 I. STATEMENT OF FACTS
The subject property is a self-storage facility located at 120 South Danebo Avenue in Eugene. For the 2006-07 tax year, Plaintiff appealed the tax valuation to BOPTA and presented substantial evidence. Discussions with Defendant's staff included in-depth examination of the income approach.
In the BOPTA discussions, the parties relied on an appraisal that used a certain sum for tax expenses. That estimate later turned out to be incorrect. When that calculation is reexamined *Page 2 
and refined by including the tax impact (.018) as part of the capitalization rate, the impact is an RMV reduction of $80,000.
Defendant's appraiser recapped the value history of the subject property. He reminded the court that "value is a range." He testified that if the refined information had been earlier presented to BOPTA, "the staff would probably have agreed." No independent valuation was presented.
 II. ANALYSIS
The focus here is whether the BOPTA value should be sustained or further reduced consistent with Plaintiff's further analysis. Several facts are undisputed. First, the parties intended to rely upon the final work product of appraiser Duncan. Second, the better appraisal technique places the tax rate in the capitalization rate instead of as a direct expense. Finally, there is no substantive competing evidence appearing in this record.
The court finds Plaintiff's evidence both consistent and persuasive. Moreover, the court finds the appraisal modifications to be credible. In these appeals, a preponderance of the evidence is required to sustain the burden of proof. That burden of proof shall fall upon the party seeking affirmative relief. ORS 305.427 (2005). Plaintiff has clearly met that statutory requirement in this record.
 III. CONCLUSION
On the evidence before it, the court is persuaded that the modifications urged are consistent with the agreement struck at BOPTA and is a better reflection of the property's RMV as of January 1, 2006. Accordingly, Plaintiff's requests for value reductions are granted. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that the appeal is dismissed for Accounts 1588464, 1588449, and 1588456;
IT IS FURTHER DECIDED that the 2006-07 real market value of Account 1588423 is $2,470,000; and
IT IS FURTHER DECIDED that the exception value of Account 1588423 is $886,344.
Dated this _____ day of June 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on June 18,2008. The Court filed and entered this document on June 18, 2008. *Page 1